IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHESTER FINNEY SR. | § | |
| TDCJ-CID No.1493956, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-CV-003-Z-BR |
| | § | |
| NURSE NFN WISE, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS COMPLAINT IN PART

Before the Court is the Second Amended Complaint (ECF 10) filed by Plaintiff Chester Finney Sr. ("Finney") against Nurse NFN Wise ("Wise"), who Finney encountered while imprisoned at the Clements Unit of the Texas Department of Criminal Justice. Finney filed this lawsuit *pro se* while a prisoner at the French Robertson Unit in Abilene, Texas, and was granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that certain claims set forth in Finney's Second Amended Complaint be DISMISSED pursuant to 28 U.S.C. §§ 1915 and 1915A.

## I. STANDARD OF REVIEW

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the

1

prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

### A.    Factual Background.[1]

Finney alleges that, while he was incarcerated at the Clements Unit in Amarillo, Texas, Nurse NFN Wise ("Wise") announced on October 26, 2020, "to the entire bottom floor" and "to the entire dorm" that Finney is a sex offender. (ECF 10 at 9, 13, 16). In support of his claims,

---

[1]These background facts are taken from Plaintiff's Complaint and questionnaire responses and are assumed to be true for the purpose of evaluating the merits of Plaintiff's causes of action.

Finney provided an affidavit in which he states that other prison inmates heard Wise yell that Finney is a "fucking cho-mo," which is slang for "child molester." (ECF 3-1 at 2). Finney alleges Wise was retaliating against him for questioning an officer who was placing another inmate in cuffs. (ECF 10 at 11). Finney alleges that, by publicizing Finney's sex offender status, Wise put his life in danger. Finney states he was transferred from the Clements Unit to the Robertson Unit as a result of the incident after six months of "looking over my shoulder and watching my back" while at the Clements Unit. (ECF 10 at 16).

In response to the Court's briefing order, Finney submitted responses to the Court's questionnaire, as well as a Second Amended Complaint (the "Complaint"), which is the pleading that the Court evaluated for screening purposes, along with his questionnaire responses and affidavit. Construing his Complaint broadly, Finney appears to allege violations of the Eighth Amendment, federal "privacy rights," the Equal Protection Clause, and due process rights, as well as general negligence. He seeks a declaration that Wise's conduct "violated Plaintiff's rights under the Constitution and the laws of the United States," nominal damages[2] and exemplary damages. (ECF 10 at 5-6).

## B.    Plaintiff's Eighth Amendment Claim.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of federal constitutional or statutory rights established elsewhere. *Hernandez ex rel. Hernandez v. Texas Dept. of Protective & Regulatory Servs.*, 380 F.3d 872, 879-80 (5th Cir. 2004) (citation omitted). To establish § 1983 liability, a plaintiff must establish: (1) deprivation of a right secured by the U.S. Constitution or federal law; (2) that occurred under color of state law; and (3) that was

---

[2]While his original Complaint sought compensatory damages, he omitted this request in his Second Amended Complaint, apparently acknowledging that he would be unable to recover damages for emotional injury under the PLRA because he suffered no physical injury caused by Wise's conduct.

caused by a state actor. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

It is well established that the Eighth Amendment requires prison officials to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Instead, the applicable standard is whether prison officials were "deliberately indifferent" to the safety needs of an inmate. *Id.*

Deliberate indifference requires consciousness of a risk to an inmate's health or safety; that is, the official must be "subjectively aware of the risk." *Id.* at 833–847. Thus, in order to succeed on a failure to protect claim under the Eighth Amendment, a prisoner must show that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists;" (3) the defendant actually drew this inference; and (4) the defendant deliberately disregarded the apparent risk. *Id.* at 834–37; *see also Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) (same).

Labeling an inmate as a "child molester" may give rise to an Eighth Amendment violation if the prison official acted with deliberate indifference to a substantial risk of serious harm to the inmate. *See Schreane v. Beemon,* 575 F. App'x 486 (5th Cir. 2014) ("The Eighth Amendment duty to protect inmates from harm can be violated when a prison official acts with deliberate indifference by exposing a prisoner to physical assault through labeling him a 'snitch' to other inmates."); *Shafer v. Collier*, No. 6:19cv114, 2020 WL 13786598 (E.D. Tex. Aug. 6, 2020) (applying *Schreane* to "child molester" label); *Coleman v. Dretke*, 409 F.3d 665, 668 (5th Cir. 2005) (noting that when a state labeled an individual as a sex offender, it "strongly implied" that

the identified individual had committed a sex offense, "which can undoubtedly cause adverse social consequences") (internal quotation marks omitted).[3]

Finney alleges that he was put at risk by Wise's conduct in labeling him a "cho-mo" in front of other prisoners and guards. He further alleged that Wise intentionally disclosed his sex offender status in order to put Finney at risk. Finney's Complaint alleges circumstances that could indicate that Wise was aware of the risk he was creating for Finney, yet proceeded to create the risk in retaliation for Finney's actions. (ECF 10 at 11). Therefore, Finney's Eighth Amendment claim survives screening.

## C.    Plaintiff's Due Process Claim.

Finney alleges that he was denied due process because key witnesses were not interviewed during the Clements Unit's investigation into Finney's grievance against Wise. (ECF 10 at 3). He complains that he was given no indication that witnesses Pena, Murphy or Safesak were interviewed, nor did he receive notice that video footage was preserved as he had requested. (*Id.*). Since Wise is the only named Defendant, presumably Finney is asserting this cause of action against Wise, although there is no indication in the Complaint that Wise, a nurse, would have been charged with investigating a grievance, especially one against himself. However, Finney cannot state a claim for denial of due process in connection with the grievance process, regardless of the identity of the defendant.

---

[3]Other circuits agree. "It is largely without question ... that the sex offender label severely stigmatizes an individual, and that a prisoner labeled as a sex offender faces unique challenges in the prison environment." *Renchenski v. Williams*, 622 F.3d 315, 326 (3d Cir. 2010) (citing studies that support the proposition that inmate norms call for the savage beating of sex offenders); *Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (guard's attempt to induce other prisoners to assault plaintiff by labeling him a "snitch" may violate Eighth Amendment, even if prisoner was not assaulted); *Neal v. Shimoda*, 131 F.3d 818, 829 (9th Cir.1997) ("We can hardly conceive of a state's action bearing more 'stigmatizing consequences' than the labeling of a prison inmate as a sex offender"); *Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000) (noting that the sex offender label is "replete with inchoate stigmatization").

In short, Finney's allegations amount to nothing more than a claim that his grievance was not resolved to Finney's satisfaction. "Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction, and an alleged § 1983 due process violation for failure to investigate grievances is indisputably meritless." *Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. 2018) (internal quotations omitted). The Fifth Circuit has stated that an alleged violation of a prisoner's due process rights resulting from prison grievance procedures is a "legally nonexistent interest." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Further, even an intentional cover-up does not amount to a constitutional violation. *See Cunningham v. de la Vaga*, 131 F.3d 141 (5th Cir. 1997) (per curiam) ("Regarding Cunningham's contention that the defendants conspired to cover up the attack …, Cunningham has not shown that the defendants violated any constitutionally protected right."). Accordingly, assuming the truth of the allegations in Finney's Complaint, his cause of action regarding an improper grievance investigation fails to state a viable due process violation and, therefore, should be dismissed pursuant to 28 U.S.C. §§ 1915 and 1915A.

**D.    Plaintiff's Federal "Privacy Acts" Claim.**

Finney alleges that Wise violated federal privacy laws by improperly disclosing his sex offender status to third parties. However, as shown below, any applicable federal privacy laws do not provide him a viable cause of action.

**1.    HIPAA.**

The Health Insurance Portability and Accountability Act ("HIPAA") states that individually identifiable medical information cannot be disclosed by covered entities without the consent of the individual, unless disclosure is expressly permitted under the terms of HIPAA. 45 C.F.R. § 164.502. Finney alleges that the basis for his conviction should be considered protected

health information, which was disclosed improperly by Wise. Assuming *arguendo* that Finney is correct and his conviction is protected health information, his allegations still fail to state a claim because HIPAA does not provide a private cause of action. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over [Plaintiff's] asserted claims."); *see also Roberts v. Unitrin Specialty Lines Ins. Co.*, 405 F. App'x 874, 882 (5th Cir. 2010) (same). Therefore, even if disclosure of Finney's sex offender status constituted an improper disclosure of protected health information under HIPAA, and even if Wise were a "covered entity" subject to HIPAA requirements, Finney has no right to sue for a HIPAA violation.

## 2. **Privacy Act of 1974.**

Finney also could be claiming a violation of the Privacy Act of 1974 (the "Privacy Act"). The Privacy Act requires that no agency may disclose records contained within its systems to any person or agency without the express consent of the individual to which the record pertains, other than in certain exceptions not relevant here. *See* 5 U.S.C. § 552a(b). For the purposes of the Privacy Act, an agency is defined as "each authority of the Government of the United States, whether or not it is within subject to review by another agency." 5 U.S.C. § 551.[4]

The protections of the Privacy Act, however, only apply to breaches by federal agencies. *See Ricks v. Murphy*, No. A-10-CA-185-LY, 2010 WL 2246287, at *1 (W.D. Tex. 2010). To allege a violation of the Privacy Act, Finney must allege facts indicating that a federal agency willfully or intentionally disclosed a "record" within a "system of records," and that the record's disclosure adversely affected him. *Id.* at *4 (*citing Pierce v. Dep't of United States Air Force*, 512 F.3d 184,

---

[4]Section 551 excludes several federal government entities and functions from its definition of "agency," but none of the exceptions applies here.

187–88 (5th Cir. 2007) (construing 5 U.S.C. § 552a(g)). Because Wise is an individual and not a federal agency, Finney cannot state a claim against Wise for violation of the Privacy Act. The civil remedy provisions of the Privacy Act do not apply against private individuals. *Connelly v. Comptroller*, 876 F.2d 1209, 1212 (5th Cir. 1989), *citing Bruce v. United States*, 621 F.2d 914, 916 n.2 (8th Cir. 1980). Finney has not stated, and cannot state, a viable cause of action for violation of federal privacy laws. Therefore, these claims should be dismissed as legally frivolous under §§ 1915 and 1915A.

**E.      Equal Protection Claim.**

Finney next alleges that Wise's disclosure of Finney's conviction violated the Equal Protection clause by discriminating against him based upon his race. (ECF 10 at 4). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir.1999) (*quoting Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir.1989)) (internal quotation marks omitted). "[The Supreme Court has] recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). However, "if the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not deny them equal protection of the laws." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir.1997) (*quoting Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir.1988)) (internal quotation marks omitted). To the extent the Complaint alleges that Wise discriminated against Finney based on his race, Finney has failed to allege facts showing that Wise intentionally discriminated against him

on this basis. The Complaint contains no factual allegation indicating that Wise's statement was due to Finney's race, nor does it provide facts showing any racial animus by Wise. In fact, the Complaint does not even state his race. Further, there are no facts alleging that Wise treated Finney differently than Wise treated prisoners of other races such that Finney was denied equal protection. Finney relies on nothing more than a conclusory allegation of racial discrimination that is insufficient to survive screening. However, because the Court is unable to determine from the Complaint that Finney could never allege an Equal Protection claim based on Wise's alleged conduct, he should be granted leave to amend this cause of action.

**F.    Negligence.**

Finney also alleges that Wise was negligent in disclosing his conviction status to third parties. (ECF 10 at 1). However, a defendant's negligence is insufficient to state a claim for a constitutional violation. *See Oliva v. Rupert*, 555 F. App'x 287, 288 (5th Cir. 2014) (per curiam) (affirming dismissal of Eighth Amendment claims that officers were responsible for inmate's fall while exiting van, holding that the "[inmate's] allegations against the two transporting officers state, at most, claims for negligence and [are] therefore not valid § 1983 claims"). Finney fails to allege facts showing that Wise's purported conduct was anything other than intentional; therefore, he fails to state a claim of negligence. However, even if Finney had properly alleged negligence, he still would fail to state a viable constitutional violation because negligence is not a valid basis for a § 1983 claim. The negligence claim should be dismissed as legally frivolous.

**F.    Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not necessary, however, when the plaintiff already has pleaded his best case. *Wiggins v. La. State*

*Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citations omitted). Finney has amended his claims twice and has provided questionnaire responses. For the reasons stated above, Finney's claims of (1) due process violation in connection with his grievance investigation; (2) violation of federal privacy laws; and (3) negligence are fatally flawed and cannot be cured by amendment. Consequently, granting leave to amend those claims would be futile. However, the Magistrate Judge recommends that Finney be granted leave to amend solely his Equal Protection cause of action.

RECOMMENDATION

As shown above, the Magistrate Judge concludes that Finney's Eighth Amendment claim survives preliminary screening under 28 U.S.C. §§ 1915 and 1915A. This claim is the only surviving claim—all other claims asserted in his Complaint except the Equal Protection claim should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Magistrate Judge further recommends that Finney's Equal Protection claim be DISMISSED WITHOUT PREJUDICE and that he be given leave to amend the claim within 20 days of the District Court ruling on this FCR.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 29, 2023.


LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

10

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).