IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHESTER FINNEY SR. <br> TDCJ-CID No.1493956, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | 2:23-CV-003-Z-BR |
| MICHAEL WISE, | § <br> § <br> § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT MOTION TO DISMISS**

Before the Court is Defendant Michael Wise's Motion to Dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(1) and (6). (ECF 24). For the reasons stated below, the Magistrate Judge recommends that the Motion be GRANTED.

**I. FACTUAL BACKGROUND[1]**

Finney alleges that, while he was incarcerated at the Clements Unit in Amarillo, Texas, Nurse NFN Wise, later identified as Michael Wise ("Wise"), announced on October 26, 2020, "to the entire bottom floor" and "to the entire dorm" that Finney is a sex offender. (ECF 10 at 9, 13, 16). Finney states that other prison inmates heard Wise yell that Finney is a "fucking cho-mo," which is slang for "child molester." (ECF 3-1 at 2). Finney alleges Wise did so to retaliate against him for questioning an officer who was placing another inmate in cuffs. (ECF 10 at 11). Finney further alleges that, by publicizing his sex offender status, Wise put Finney's life in danger. Finney

---

[1]These background facts are taken from Plaintiff's Complaints and questionnaire responses and are assumed to be true for the purpose of evaluating the merits of Wise's Motion.

1

states he was transferred from the Clements Unit to the Robertson Unit as a result of the incident after six months of "looking over my shoulder and watching my back" while at the Clements Unit. (ECF 10 at 16).

In response to the Court's briefing order, Finney submitted responses to the Court's questionnaire, as well as a Second Amended Complaint (the "Complaint"). Construing his Complaint broadly, Finney appeared to allege violations of the Eighth Amendment, federal "privacy rights," the Equal Protection Clause, and due process rights, as well as general negligence. On December 29, 2023, the Magistrate Judge recommended dismissal of all of Finney's claims except for his Eighth Amendment claim, but recommended that he be given leave to amend his Equal Protection claim, in that it was conceivably curable by amendment. (ECF 11). The District Judge adopted the recommendation on January 26, 2024. (ECF 13). Finney filed his Third Amended Complaint on February 16, 2024, to attempt to cure his Equal Protection claim. (ECF 14). Wise filed his responsive pleading on May 21, 2024 (ECF 24), asking the Court to dismiss Finney's claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Finney responded to the Motion, disputing Wise's allegations. (ECF 27).

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(1).

A court may dismiss a complaint for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The Court should grant a 12(b)(1) motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts that would entitle him to recovery. *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017). The party

invoking the Court's jurisdiction bears the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**B.** **Rule 12(b)(6).**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not establish facial plausibility. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 557).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). The Court also is mindful it "must construe the pleadings of *pro se* litigants liberally … to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). "But 'liberal construction does not require that the Court ... create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)). While courts hold *pro se* plaintiffs to

a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### III. LEGAL ANALYSIS

A.     **Finney's Request for Declaratory Relief.**

Finney asks the Court to declare that "the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States." (ECF 14). For the reasons stated below, Wise's Motion to Dismiss Finney's request for declaratory relief should be granted pursuant to Rule 12(b)(1).

    1.     **Official Capacity Claims: Sovereign Immunity.**

As a sovereign entity, a state may not be sued without its consent. Read literally, the text of the Eleventh Amendment prevents only non-citizens of a state from suing that state. U.S. Const. amend. XI. However, courts uniformly have held that the Eleventh Amendment provides protections beyond its text, shielding states from suits brought by their own citizens, as well as citizens of other states. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253, 131 S. Ct. 1632, 179 L.Ed.2d 675 (2011). Therefore, under the Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).[2]

Finney argues in his response to the Motion to Dismiss that there are ongoing violations that trigger an exception to the sovereign immunity bar as set forth in *Ex parte Young*, 209 U.S. 123 (1908). In *Ex parte Young*, the U.S. Supreme Court held that "a federal court may enjoin a

---

[2] Sovereign immunity does not apply to state officials sued in their individual capacity.

state official in his official capacity from taking future actions in furtherance of a state law that offends federal law or the federal Constitution." *Calhoun v. Collier*, 78 F.4th 846, 851 (5th Cir. 2023) (as revised) (quoting *Moore*, 743 F.3d at 963). This exception is a narrow one, and applies only to prospective relief. It "does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Calhoun*, 78 F.4th at 851 (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).

As the Fifth Circuit Court of Appeals has noted, for *Ex parte Young* to apply, three criteria must be satisfied: (1) the plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be "properly characterized as prospective." *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 451 (5th Cir. 2022) (quoting *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020) (en banc)). An *Ex parte Young* suit also must seek equitable instead of monetary relief; *i.e.*, relief that is "declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *see also Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) ("The essential ingredients of the *Ex parte Young* doctrine are that a suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect."). In determining application of *Ex parte Young*, the Court does not analyze the merits of the claim. Instead, the Court "need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Williams v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 646 (2002)).

In analyzing Finney's Section 1983 claims and accepting all factual allegations contained in Finney's pleadings as true, he meets the first and second requirements for an *Ex parte Young* exception: (1) Wise is a state official who conceivably is sued in his official capacity,[3] and (2) Finney alleges a violation of federal law. However, his Section 1983 claims fail the third requirement, in that they do not "seek prospective relief to redress ongoing conduct." *See Williams*, 954 F.3d 729 at 736.

In response to the Motion, Finney argues that several "ongoing" violations are occurring, none of which pertain to the causes of action in this case. For example, Finney claims that Ken Paxton is causing him to be transferred between prison units to keep him from answering his legal mail. (ECF 27 at 3). Ken Paxton is not a defendant in this case, nor do Finney's causes of action allege in any way a lack of access to the courts.

In reviewing Finney's pleadings to determine possible application of *Ex parte Young*, the Court notes that the relief requested by Finney seeks only a declaration that Wise's past actions violated Finney's civil rights.[4] There is no request for prospective injunctive or declaratory relief, nor is there any indication Wise's conduct did, or could, affect Finney after Finney was transferred out of the Clements Unit, such that a declaration by the Court would redress Wise's possible future misconduct. For these reasons, the *Ex parte Young* exception to sovereign immunity does not apply. *See Harrison v. Young*, 48 F.4th 331 (5th Cir. 2022) ("The key is not the type of relief

---

[3]In Finney's Third Amended Complaint, he alleges that defendants sued in their individual capacities are "normally represented by government paid lawyers and indemnified by the government for damages awards ordered against them." (ECF 14 at 4-5). Therefore, construing Finney's pleadings liberally, the Court will treat his request for declaratory relief as a suit against Wise in his official capacity.

[4]Finney's various Complaints vacillate between seeking declaratory relief only and seeking monetary damages in addition to declaratory relief. To the extent Finney seeks monetary damages against Wise in his official capacity, such request must be dismissed pursuant to Rule 12(b)(1). A request for money damages against a state employee in his official capacity is clearly barred by sovereign immunity. *Calhoun*, 748 F.4th at 851.

sought but whether the remedy is preventing ongoing violations of federal law as opposed to past ones."). Wise's Motion to Dismiss pursuant to Rule 12(b)(1) should be granted as to the declaratory judgment claim against Wise in his official capacity.

### 2. Individual Capacity Claims: Lack of Standing.

Wise contends that Finney lacks standing to obtain declaratory relief. To obtain declaratory relief, a plaintiff must demonstrate that he is "likely to suffer *future* injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (emphasis added); *see Serafine v. Crump*, 800 F. App'x 234, 236 (5th Cir. 2020) (per curiam) (observing that, although *Lyons* addressed injunctive relief, its "reasoning applies equally to declaratory relief"). When the requested declaratory relief is premised on *past* acts, a plaintiff must establish "either continuing harm or a real and immediate threat of repeated injury in the future." *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992). "The threat of future injury must be 'certainly impending'; mere '[a]llegations of *possible* future injury' do not suffice." *Adams v. Pearl River Valley Water Supply Dist.*, No. 21-60749, 2022 WL 2829756, at *3 (5th Cir. July 20, 2022) (per curiam) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

Here, Finney asks the Court to declare unlawful *past* conduct by Wise—thus, Finney has standing only if he has pleaded facts showing a continuing harm or immediate threat of repeated harm. *Herman*, 959 F.2d at 1285. As discussed above, Finney states that he is no longer housed at the Clements Unit. Thus, any assumption that Wise will again violate Finney's constitutional rights is speculative at best. *See, e.g.*, *Waller v. Hanlon*, 922 F.3d 590, 603–04 (5th Cir. 2019) (reversing "district court's order declining to dismiss the plaintiffs' claims for declaratory relief," which were based on past injury); *Malik v. U.S. Dep't of Homeland Sec.*, No. 4:21-cv-0088-P, 2022 WL 3104840, at *2–3 (N.D. Tex. Aug. 4, 2022) (dismissing plaintiff's claims for declaratory

relief, which were based on past wrongs and alleged only speculative future harm), *aff'd*, 78 F.4th 191 (5th Cir. 2023); *Henry v. Adeyemi*, No. G–09–46, 2012 WL 163820, at *2 (S.D. Tex. Jan. 19, 2012) (concluding prisoner's claims for declaratory judgment that defendant violated his civil rights by allegedly throwing urine on him were based on past wrong and prisoner therefore lacked standing). Accordingly, Wise's Motion to Dismiss pursuant to Rule 12(b)(1) should be granted as to the declaratory judgment claim against Wise in his individual capacity.

**B.     Statute of Limitations.**

Wise next alleges that Finney's claims should be dismissed because he failed to file within the limitations period. Generally, a plaintiff's § 1983 claim is subject to the statute of limitations prescribed for tort claims in the state where the district court sits. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Because Finney filed suit in Texas, he has two years from the date he learns of facts giving rise to his § 1983 claim to pursue that claim in federal court. *Id.*; *Meyer v. Coffey*, 231 F. Supp. 3d 137, 145-46 (N.D. Tex. 2017); *see* TEX. CIV. PRAC. & REM. CODE § 16.003. "A plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim." *Piotrowski*, 237 F.3d at 576. Finney's claims accrued more than two years ago, and thus fall outside the statute of limitations for § 1983 claims. Finney alleges that Wise called him a "cho-mo" on October 26, 2020. (ECF 3 at 5). Thus, Finney undisputedly learned of facts that could "ultimately support [his] claim" more than two years prior to the date he filed his suit.[5] *Piotrowski*, 237 F.3d at 576. Finney dated the Complaint and his verification of the Complaint on December 30, 2022, and the Complaint was postmarked January

---

[5]Under the "prison mailbox rule," courts consider an inmate's *pro se* pleading filed when it is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1988); *see Darby v. Dall Cnty. Sheriff*, No. 3:06CV1928-K(BH), 2007 WL 2428582, at *3 (N.D. Tex. Aug. 24, 2007) (deeming plaintiff's complaint filed on the date he signed it).

8

6, 2022. (ECF 3 at 6, 8, 9). Therefore, under the prison mailbox rule (and construing the facts in Finney's favor), the Complaint was filed as early as December 30, 2022. However, this date is still outside the limitations period. Under these facts, Finney's claims appear to be barred by the statute of limitations. *Id*.

Neither party addresses the issue of equitable tolling, however. Finney states in a note to the court clerk attached to his first Complaint that he had mailed a lawsuit against Wise to the Court on June 7, 2021, and that the first Complaint constitutes a remailing of the original suit because the Court never received the original suit. (ECF 3 at 6, 8). In addition, neither party addresses tolling the limitations period for the time Finney's grievances were pending, and whether such tolling would operate to extend limitations beyond December 30, 2022. *See Coomer v. Doe*, No. 5:21-cv-213-BQ, 2022 WL 19228834 (N.D. Tex. May 25, 2022) ("[T]he time during which the limitations period is tolled is the time during which the grievance is pending, which is the time between the filing of the Step One grievance, and the date of the Step Two answer."). While Finney alleges that he exhausted his administrative remedies, he also claims that his copies of the grievances were lost along with the original lawsuit. (ECF 10 at 4). Either of these two instances may have given rise to a valid equitable tolling claim by Finney. However, even if equitable tolling does apply, Wise's Motion should be granted, as set forth below.

C.     **Finney's Claim for Compensatory Damages is Precluded.**

Finney's Third Amended Complaint revives his claim for compensatory damages. (ECF 14).[6] Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be

---

[6]Finney's original Complaint and first Amended Complaint sought compensatory damages of $250,000. (ECF 3 at 6, ECF 6 at 4). His second Amended Complaint (the live pleading at the time of screening) sought declaratory relief, nominal damages and punitive damages and omitted any request for compensatory damages. (ECF 10 at 5-6). His third Amended Complaint seeks unspecified compensatory damages, as well as nominal and punitive damages. (ECF 14 at 7).

9

brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this personal injury requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). The application of § 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Id.*; *see Mayfield v. Texas Dep't of Crim. Just.*, 529 F.3d 599, 605 (5th Cir. 2008) (citation omitted) ("We have held that the application of [§ 1997e(e)] ... turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged."). Finney does not contend that he suffered any physical injury as a result of Wise calling him a "cho-mo"). Consequently, any claim for compensatory damages is barred.

**D.     Wise is Entitled to Qualified Immunity.**

Finney also seeks nominal and punitive damages in connection with his claims that his constitutional rights were violated. *See Mayfield*, 529 F.3d at 606 (noting that a prisoner can, absent a showing of physical injury, pursue punitive or nominal damages based upon a violation of his constitutional rights). However, because Wise is entitled to qualified immunity, Finney cannot recover on his claims.

Qualified immunity protects government officials from suit and liability for civil damages under Section 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Once qualified immunity is asserted, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam), *citing Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d

481, 489 (5th Cir. 2001). Finney's sole response to Wise's assertion of qualified immunity is that "Wise was given fair notice … of what laws he violated against me …. and how he placed my life in danger." (ECF 27 at 4).

"When a defendant asserts a qualified-immunity defense in a motion to dismiss, the court has an obligation to carefully scrutinize the complaint before subjecting public officials to the burdens of broad-reaching discovery." *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263–64 (5th Cir. 2019). "Qualified immunity is a two-step process. The first [step] asks whether the defendant violated the plaintiff's constitutional rights. The second step adds the protection for the defendant that liability attaches only if the right was clearly established" at the time the violation occurred. *Sims v. City of Madisonville*, 894 F.3d 632, 638 (5th Cir. 2018). The Court may address either or both prongs. *See Pearson v. Callahan*, 555 U.S. at 242. As shown below, Finney has failed to meet his burden to show that he has alleged a violation of his constitutional rights.

### 1. Equal Protection Claim.

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir.1999) (*quoting Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir.1989)) (internal quotation marks omitted). "[The Supreme Court has] recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). However, "if the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not

deny them equal protection of the laws." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir.1997) (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir.1988)) (internal quotation marks omitted).

Finney was given leave to amend his Equal Protection cause of action, but his amendments failed to cure the claim. His amendment states that he was "the only black man to stand up to a white man." (ECF 14 at 3). However, the simple fact that Finney and Wise are of two different races, without more, is insufficient to allege conduct that violates the Equal Protection clause. Finney alleges no facts regarding Wise's motivations, or that he treats Finney (and/or other non-white prisoners) differently than he treats white prisoners. "Vague and conclusory allegations are insufficient to raise an equal protection claim." *Jebril v. Joslin*, No. C-07-436, 2008 WL 416240, at *8 (S.D. Tex. Feb. 12, 2008); *Portillo v. Brown*, No. 2:07-CV-0031, 2009 WL 1160345, at *2 (N.D. Tex. Apr. 28, 2009) (holding Hispanic inmate's allegations that prison employee called him names, laughed at him and refused to dismiss disciplinary action against him based on his race were conclusory and failed to state a claim); *Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (finding conclusory allegations of racial animus insufficient to maintain equal protection claim). Because Finney has failed to allege a valid claim that Wise violated Finney's Equal Protection rights, Wise is entitled to qualified immunity on this cause of action.

    **2.    Eighth Amendment Claim.**

Wise alleges that Finney has failed to state a failure to protect claim under the Eighth Amendment because he did not suffer a physical injury, and a physical injury is a required element of Finney's claim. Finney's various Complaints consistently have stated that he suffered no physical injury, and that the sole damage he suffered from Wise's conduct was the mental anguish he suffered because of having to "watch his back" for the six months between the time Wise made

the statement to the time Finney was transferred to a different unit. Numerous cases have addressed whether injury is required to demonstrate a constitutional violation in the context of a failure to protect claim and have concluded that the dismissal is warranted when no injury has occurred as a result of the defendant's actions. *See Walzier v. McMullen*, 333 F. App'x 848, 851 (5th Cir. 2009) (upholding summary judgment in favor of the defendants where there was no proof of harm to the plaintiff from co-inmates and, "[a]bsent a showing that other inmates harmed [the plaintiff], there is no factual basis for a failure to protect claim"); *Castellano v. Treon*, 79 F. App'x 6, 7 (5th Cir. 2003) ([inmate's] failure-to-protect claim fails because "he concedes that he suffered no actual physical injury resulting from the prison officials' purported failure to protect"). While the Court accepts all well-pleaded facts as true and in a light favoring the plaintiff, the Court does not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). Because Finney suffered no physical injury, he cannot state a constitutional violation for failure to protect. Thus, Finney has not met his burden to show that qualified immunity does not apply. Therefore, Wise is entitled to dismissal of the claims against him pursuant to Rule 12(b)(6) based upon his affirmative defense of qualified immunity.

### E. Leave to Amend.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not necessary, however, when the plaintiff already has pleaded his best case. *Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citations omitted). Finney has filed four versions of his Complaint and has provided questionnaire responses to further clarify his causes of action. For the reasons stated above, Finney has not stated a claim

under the Eighth Amendment or Equal Protection Clause, despite being given ample opportunities to amend and to explain his claims. Therefore, the Magistrate Judge recommends that Finney not be given further leave to amend.

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and (6) be GRANTED and that Finney's claims for declaratory relief against Wise in his official and individual capacities be dismissed without prejudice pursuant to FED. R. CIV. P. 12(b)(1), and his Equal Protection and Eighth Amendment claims against Wise in his individual capacity be dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(6).

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 25, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28

U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).